UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **FREDDY TAYLOR,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:04cv0663 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

This proceeding has been before this court since on or about October 22, 2004. It is a proceeding under 28 U.S.C. §2254 and by now, there are 50 items in the docket sheet. The state court record is available and the process has been greatly assisted by the presence and efforts of Michael L. Parkinson as attorney for the petitioner. Proceedings were had in Lafayette, Indiana on June 23, 2006, and this court had a schedule set for supplemental briefing, see this court's memorandum of July 5, 2006. Since that time, the petitioner and the Attorney General of Indiana have filed supplemental briefs.

When it is all said and done, this court must conclude as far as this case is concerned that *Crawford v. Washington*, 541 U.S. 36 (2004) is not retroactive to this case. The Attorney General of Indiana cites authority on this subject from the Fifth, Seventh, Tenth and Eleventh Circuits, and this court is not in a position to gainsay that authority especially from the Seventh Circuit, as reflected in *Muriello v. Frank*, 402 F.3d 786 (7th Cir. 2005). *Roviaro v.*

*United States*, 353 U.S. 56 (1957) is a different subject.  The task here is not to determine whether *Roviaro* is retroactive, but whether *Roviaro* applies to this case.  This court is constrained to believe that *Ohio v. Roberts*, 448 U.S. 56 (1980) does not apply here.  This court is in agreement with the Attorney General of Indiana that neither *Crawford* nor *Roberts* are directly applicable here.  It is correct that the Indiana Court of Appeals found that communications from so-called CI 96-018 to Officer Fetterer for inadmissible hearsay.  This court is also bound by what the Court of Appeals in this circuit had to say about *Roviaro* in *United States v. Bender*, 5 F.3d 267 (7th Cir. 1993).  Such is a delicate balance that tips ever so slightly in this case.  The reasoning and result in *Bender* is relevant here.  The Court of Appeals of Indiana concluded,

> "Lastly, neither party sought to call CI 96-018 to the stand and thus, the informant was not a witness against Taylor in this case. Therefore, Taylor may not now claim that his right to confront this informant was denied."

Citing *Hinkle v. Garrett-Keyser-Butler School District*, 567 N.E. 2d 1173 (Ind. App. 1991) and *Allbritten v. State*, 317 N.E. 2d 854 (Ind. 1974).  It is of some moment that no violation of *Brady v. Maryland*, 373 U.S. 83 (1963) has been alleged here.

The Attorney General of Indiana also attempts to find comfort in the recent case of *Davis v. Washington*, 126 S.Ct. 2266 (2006) on the issue of confrontation, although there may be some remaining issue as to whether *Davis* is retroactive.  Generally this court is reluctant to bottom this species of cases on harmless error.  There is a very good argument

here that *Roviaro* is not squarely applicable to this case.  The conclusion that CI 96-018 was a "mere tipster," as defined in the *Bender* decision is well supportable from the record.  That result can be reached without plowing through the *Crawford* field.  Such is not at odds with *Roviaro*.

When it is all aid and done, this court must have a residue of respect for the twin unanimous decisions of the Supreme Court of Indiana decided on the same day in 2002. They are *Woodford v. Visciotti*, 537 U.S. 19 (2002) and *Early v. Packer*, 537 U.S. 3 (2002). See also *Bell v. Cone*, 543 U.S. 447 (2005), reversing *Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).  See also *Rice v. Collins*, 125 S.Ct. 969 (2006), and *Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006).

Candor requires this court to readily conceive that this case is a very close one that tilts in favor of the State of Indiana as represented by the respodnent, Cecil Davis.  It has been ably briefed by both the Attorney General and Mr. Parkinson.  With complete appreciation and respect, this court now **DENIES** relief here under 28 U.S.C. §2254.  **IT IS SO ORDERED**.

DATED:  August 14, 2006

                                                   **S/ ALLEN SHARP**
                                                   **ALLEN SHARP, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**